IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | * Crim. No.: PJM 10-017 |
| JEFFREY RIOS | * |
| Defendant | * |

## MEMORANDUM OPINION

Defendant Jeffrey Rios moves under 18 U.S.C. § 3582(c)(2) to reduce his criminal sentence pursuant to the Fair Sentencing Act. After reviewing the Motion, the information provided by the United States Probation Office, and the Government's Response, the Court will **GRANT-IN-PART** and **DENY-IN-PART** the Motion.

I.

On May 25, 2010, Rios pleaded guilty to Counts 1 and 2 of the Indictment, which charged him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). At sentencing, his Base Offense Level under the Sentencing Guidelines was determined to be 30 because his criminal activity involved at least 50 but less than 150 grams of Cocaine Base. *See* PSR ¶ 16; U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2010). After adjustment for possession of a dangerous weapon and acceptance of responsibility, his Combined Offense Level was 30. The Presentence Report noted that the mandatory minimum term of imprisonment for the crime was ten years. PSR ¶ 39; 21 U.S.C. §841(b)(1)(A) (2006). According to the Sentencing Guidelines, the range of imprisonment for the crime, given Rios's Criminal History Category of II, would have been 108 – 135 months. PSR ¶ 41. But for Count 1, in light of the

mandatory minimum of 120 months, the range was 120 – 135 months. PSR ¶ 43. For Count II, the guideline sentence was 120 months, because the sentence could be imposed at any point within the applicable guideline range, provided it was not greater than any statutorily authorized maximum sentence of 120 months. PSR ¶ 44.

On September 8, 2010, the Court sentenced Rios to 120 months on Count 1, and 120 months on Count 2, to run concurrently.

On April 2, 2014, Rios filed a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (c)(2). The Federal Public Defender thereafter filed a Crack Motion for Reduced Sentence under § 3582 (c)(2) on his behalf. In the Motion filed by counsel, Rios contends that his sentence should be reduced based on Amendment 750 to the Guidelines. Under the current guidelines, he claims that his Offense Level should be reduced to 26, with a guideline range 70 – 87 months. Further, he says, he is not subject to the 10-year mandatory minimum term because he was sentenced after August 3, 2010, the effective date of the Fair Sentencing Act, for an offense that involved 89 grams of crack. *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Rios now requests a sentence at the low end of the guidelines, or 70 months, because his sentence of 120 months reflected the lowest sentence the Court could give in light of the mandatory minimum. Attached to his Motion is a worksheet from the U.S. Probation Office, which confirms this revised Offense Level and guideline range.

The Government concedes that Rios is eligible for a reduction of his sentence, but takes the position that Rios should be given a sentence at the high end of the guideline range to reflect the seriousness of the two offenses.

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses, reduced by two levels the Base Offense Level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. Thereafter, the Commission made Amendment 706 retroactive to March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir. 2010). Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1, 2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair Sentencing Act of 2010 ("FSA") Pub. L. No. 111–220, 124 Stat. 2372 (August 3, 2010). Subsequent to that, Amendment 750 amended the drug quantity table in Section 2D1.1(c) to reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759. *See id.*, Amend. 759.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Anti-Drug Abuse Act (1986 Drug Act), 100 Stat. 3207, enacted in 1986, applied a ten year mandatory minimum sentence to a defendant convicted of possessing with intent to distribute fifty grams of crack. *Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012). "The 1986 Drug Act, like other federal sentencing statutes . . . trumps the Guidelines. . . . [O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at

least the minimum term set forth in a statutory mandatory minimum." *Id.* (citations omitted). The FSA, effective August 3, 2010, increased the drug amounts triggering the mandatory minimum of ten years from 50 grams to 280 grams. *Id.* at 2329. The Supreme Court has held that the new Act's lower mandatory minimums under the Fair Sentencing Act apply to those defendants who committed an offense prior to August 3, 2010, but were sentenced *after* August 3, 2010. *Id.* at 2335-36.

### III.

The Court agrees that Rios is eligible for a sentence reduction under Amendment 750. Based on his amended Offense Level is 26, and his Criminal History Category is II, his new guideline range is be 70 to 87 months of imprisonment. The Court further agrees that Rios is not subject to the Fair Sentencing Act's mandatory minimum of 120 months, because he was sentenced after August 3, 2010, and his offense involved less than 250 grams of crack. The Court disagrees with Rios, however, that he should be re-sentenced at the low end of the new guidelines range.

As directed by 18 U.S.C. 3582(c)(2), the Court considers the applicable 18 U.S.C. § 3553(a) factors to determine the appropriate reduction. Rios pleaded guilty to two separate offenses. Given the need for the sentence to reflect the seriousness of the offenses – not only possession with intent to distribute crack, but possession of (and a history of) weapons possession culminating in his latest possession – the Court finds that a sentence in the middle of the guidelines range is more appropriate for Counts 1 and 2. Rios's sentence of 120 months was effectively a mid-range sentence, had the mandatory minimum not applied. Accordingly, the Court will use its discretion under 18 U.S.C. § 3582(c) to sentence Rios to a term of imprisonment of 78 months for Counts 1 and 2, to run concurrently.

## IV.

For the foregoing reasons, Rios's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 10, 2014**